COMMONWEALTH OF MASSACHUSETTS

WESTERN DIVISION, ss.   UNITED STATES DISTRICT COURT
COMMMONWEALTH OF MASSACHUSETTS
Criminal Docket No. 04-30007-MAP

| | |
|---|---|
| UNITED STATES, ) | |
| Plaintiff ) | DEFENDANT'S SENTENCING |
| ) | MEMORANDUM |
| ) | |
| Vs. ) | |
| ) | |
| Ann Marie Czaplicki ) | |
| Defendant ) | |

Now comes the defendant, Ann Marie Czaplicki, and hereby submits the following as her sentencing memorandum.

Ms. Czaplicki submits that her base offense should be at a level 10 for the crime and conduct she is charged b given all of the circumstances.

. Ms. Czaplicki requests that this Court find that Ms. Czaplicki is a level 10 and the base offense 6 assigned per U.S.S.G 2(B)1.1 (a) and an additional 6 is added due to the amount taken over a period of less then one year an amount of $38,480.00 Czaplicki points out that this amount is at the low end of the monetary bracket which is a range $ 30,000.00 to $70,000.00. Czaplicki immediately took responsibility for her crime giving her a credit of 2 points. Czaplicki, further requests that this court not find that U.S.S.G. 2 (A) 1 (b) apply relating to the vulnerable victims as Czaplicki did not intend nor did she target elderly individuals. In fact, Czaplicki took money from certain accounts that were inactive in the hopes that she would have time to pay the money back. At Level 10, the Sentencing Guidelines provide a sentencing range of 6-12 months in incarceration and allows the Court to impose as little as one day in the Board of Prisons with time served with a period of

supervised probation to follow. Ms. Czaplicki is an excellent candidate for supervised probation and suggests that a period of 3 years probation would be appropriate in this case.

As reasons therefore, Ms. Czaplicki states that consistent with the factors sent forth in USSG. § 5K.02 which provided a basis for the Court to downwardly depart from the Sentencing Guidelines, Ms. Czaplicki's family circumstances are so extraordinary that her case falls outside of the heartland suggested by the sentencing guidelines and b) the crime of conviction were limited in time and in fact constituted single act of aberrant behavior in an otherwise law-abiding life.

A.  **Extraordinary Family Circumstances and Physical Health**

As set forth in the Presentence Report at paragraphs 35 through 52, Ms. Czaplicki is a lifelong resident of the Springfield/Longmeadow area in Massachusetts. She currently lives with her four children with her three teenage children; her oldest and 4th child will begin his sophomore year at UConn this fall and resides with his mother on weekends and holidays. All of the children depend on Ms. Czaplicki for emotional support and has been their primary caretaker for over eight years since her separation and divorce from her husband. During the marriage as well, Ms. Czaplicki provided all of the nurturing and guidance for her children. To her and their credit, all of the children are doing well in school and have set goals for them to continue to improve. The children's father is not a source of emotional support at this time and would not be truly available to step in to care for the children if Ms. Czaplicki were sentenced outside the home in any way.

Ms. Czaplicki worked hard as a single mother to keep her family unit together and to keep a steady job. She in fact loved her job at Westfield Bank. Unfortunately, in May

of 2002, she became very ill from breast cancer. She has to endure surgery and chemotherapy to address the breast cancer. As a result she missed 6 months of work and her income was reduced accordingly. Ms. Czaplicki felt she had already burdened her family and worried her children enough with her cancer and attending side effects that she did not want to worry them more with her financial concerns which precipitated her aberrant misconduct. To date, Ms. Czaplicki's condition is being monitored and her health issues are a continued concern.

**B.      "Single Act of Aberrant Behavior "**

In this instance, Ms. Czaplicki conduct constitutes a "single act of aberrant behavior" which snowballed out of control. See United States v. Grandmaison, 77 F. 3d 555 (1st Cir. 1996). In determining whether such conduct falls within this category, a sentencing court should review "the totality of the circumstances". The Court may consider, among other factors, i.e. the fact that the defendant is a first-time offender, the defendant's prior good deeds and charitable activities. Id. at 563. In addition to case law on the subject, § 5K2.20 of the Sentencing Guidelines permits a sentencing court to depart from the suggested guideline range "in an extraordinary case if the defendant's criminal conduct constituted aberrant behavior".

True to her nature, Ms. Czaplicki did not ask for the support, financial and emotional that would have helped her through this difficult time. She was i9n fact overwhelmed and scared. And during this time, she exercised extremely poor judgment when she began to take money from customers from the Bank. Ms. Czaplicki truly believed that she could "borrow" this money and pay it back before any one would notice. This is the reason for her choice in clients' account, not age or vulnerability.

Unfortunately this was not the case and Ms. Czaplicki compounded her difficulties by taking money from client to pay back another's account. The amounts that were taken at a time support this version of the events. The amounts were small increments money such as $500.00 or $1,000.00; monies used to b pay her household bills.

To merit a lesser sentence as the one suggested by Ms. Czaplicki, the Court may follow what was previously set forth as reasons for a down departure from the sentencing guidelines. For example, note 3 of the Commentary to U.S.S.G. § 5K2.20 lists some non-exclusive factors for courts to consider in a decision on whether to depart on 'aberrant behavior" grounds. "In determining whether the court should depart on the basis of aberrant behavior, the court may consider the defendant's (A) mental and emotional conditions; (B) employment record; (C) record of good prior works; (D) motivation for committing the offense; and (E)efforts to mitigate the effects of the offense."

Here, as set forth in the Presentence Report and above, at the time of the commission of the instant offense, Ms. Czaplicki had a wonderful work history, supporting her children and her efforts to mitigate the effects of his crime can be found in her cooperation with law enforcement and her conduct throughout her pre-trial probation.

**Conclusion**

For all the foregoing reasons, the defendant Ann Marie Czaplicki respectfully urges this Court to follow her Sentencing recommendation and sentence her to one day in prison with time served and a term of three years probation with an order of restitution.

This sentence will allow Ms. Czaplicki to continue to work to earn money to support her family and pay restitution as well as be available to her children as their

needs emotional needs require to keep them on the successful and productive paths they are currently on.

In the alternative, if this court is not inclined to impose a one day prison sentence with a term of probation, Ms. Czaplicki requests that any confinement imposed be a home monitoring confinement for 6 months or less for the same reason she set forth above

Respectfully submitted,<br>
By her Attorney,<br>
<br>
_____<br>
Judith C. Knight, Esquire<br>
342 Main Street<br>
Great Barrington, MA 01230<br>
413-528-4800 (telephone)<br>
413-528-9988 (facsimile)<br>
jknight@hellmanshearn.com<br>
BBO # 551896

I, Judith C. Knight hereby certify that on this ____ day of July 2005, I served the foregoing document Defendant's Sentencing Memorandum via first class mail, postage prepaid to Paul Smyth, of the U.S. Attorney's Office, 1550 Main Street, Springfield, MA.:

_____
Judith C. Knight