UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )
            v.                 ) No. 04-CR-30007-MAP
                               )
ANN MARIE CZAPLICKI            )

CLARIFICATION OF ORDER RE:
VIOLATION OF SUPERVISED RELEASE

March 12, 2008

PONSOR, D.J.

On February 20, 2008, Defendant appeared for a hearing on several charges that she had violated the terms of her supervised release. On February 28, 2008, the court issued its order declining to revoke Defendant's term of supervised release, despite finding multiple violations, but adding several additional conditions.

Paragraph 2 of the additional conditions stated that the original restitution order was "suspended for six months, or until Defendant obtains employment." A question has arisen as to whether this order affects Defendant's ordinary obligation to remit 75% of any income tax refund as a payment towards restitution.

It was not the court's intention to relieve Defendant of the 75% income tax refund obligation, only to suspend her monthly restitution obligation due to her lack of employment. To the extent that Defendant has already received an income tax refund for the tax year 2007 and spent it in good faith but mistaken reliance upon Paragraph 2 of the February 28, 2008 order, this action by Defendant shall not constitute a basis for any charge of violation of her supervised release.

To the extent, however, that Defendant has not yet received her state or federal income tax refund for the tax year 2007, she remains obligated to remit 75% of that refund to the Probation Office as payment towards restitution. Failure to do so if a refund is received after receipt of this clarification will constitute a basis for a charge of violation of the terms of her supervised release.

With this clarification, all other terms of the February 28, 2008 order remain in effect.

It is So Ordered.

/s/ Michael A. Ponsor
_____
MICHAEL A. PONSOR
United States District Judge